Susan M Didriksen, Chapter 7 Trustee
PO Box 1460
Shingle Springs, CA 95682
Tel: (530)232-6119
E-mail: didriksen1@gmail.com

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| In re: | Case No. 10-41545-D-7 |
|---|---|
| **MATTHEW AUGUSTINE PARISEK and,** | DCN: SMD - 1 |
| **ILA JEAN PARISEK** | DATE: December 15, 2010 |
| Debtors. | TIME: 10:00 A.M. |
| | LOCATION: 501 I Street, 6th Floor |
| | Department D |
| | Courtroom 34 (6th Floor) |
| | Sacramento, CA 95814 |

**TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY OF THE ESTATE**

TO: THE HONORABLE ROBERT S. BARWIL, JUDGE, U. S. BANKRUPTCY COURT; THE OFFICE OF THE U. S. TRUSTEE; THE ABOVE-CAPTIONED DEBTORS; AND, THE DEBTORS' ATTORNEY.

The undersigned, Susan M. Didriksen, the court appointed Chapter 7 Trustee (the "Trustee") in the above-captioned Bankruptcy estate of MATTHEW AUGUSTINE PARISEK and ILA JEAN PARISEK, (the "Debtors"), hereby requests that this Court approve the sale of the Bankruptcy's Estate's interest in a 2001 Denali Pursuit 2860 Boat, Motor & Trailer, to the Debtors, for a total of $25,000 cash. The proposed sale transaction will include credits for the Debtors' §703.140(b)(5) exemption in the amount of $12,604. In support of this motion, the undersigned Trustee respectfully represents the following:

1. The Debtors filed a voluntary Chapter 7 Bankruptcy Petition on or about August 13, 2010, and an Order for Relief was entered thereon.

2. Susan M. Didriksen was appointed as the Interim Chapter 7 Trustee on or about August 13, 2010, and continues to serve in that capacity.

3. The Court has jurisdiction over the current motion under 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding under 28 U.S.C. section 157(b)(2)(A), (N) and (O).

4. The Debtors filed Schedule B on or about August 13, 2010, and disclosed personal property described as follows:

" 2001 Pursuit denali 2860 boat, motor & trailer" having a disclosed market value of $18,000

(hereinafter referred to as the "Boat, Motor and Trailer").

5. It was later determined that the value of the Boat, Motor and Trailer was $25,000.

6. The Debtor's Amended Schedule "C" filed on or about September 21, 2010, claimed monetary exemption for §703.140(b)(5) pertaining to the Boat, Motor and Trailer in the amount of $12,604.

7. The Debtors, through their attorney, Mr. Gerald White, have presented an offer in the amount of $25,000 to purchase the aforementioned Boat, Motor & Trailer in an "as-is" condition from the Bankruptcy Estate as follows:

|  | $25,000 | Debtors' Offer to Purchase the Subject Personal Property |
| --- | --- | --- |
| Less: | 12,604 | Credit for Debtors' §703.140(b)(5) exemption |
|  | $12,396 | Net Purchase Amount to be tendered by the Debtors |

8. The payment will be made in eight monthly installments of $1,549.50 due the first of each month in the form of Cashier's Check to the undersigned Trustee for the purchase of the Boat, Motor and Trailer.

9. A copy of the signed Agreement for Purchase of Boat, Motor and Trailer is attached as Exhibit 1.

10. The undersigned Trustee believes that the immediate liquidation of the Subject Personal Property is in the best interest of the Bankruptcy Estate. Therefore, the trustee requests the approval from this Court to sell the aforementioned Boat, Motor & Trailer to the Debtors for the amount of $25,000, less a credits in the amount of $12,604 representing the Debtors' claimed C.C.P. §703.140(b)(5) exemption, subject to any overbids tendered at the Court hearing.

11. At the Court hearing, the Trustee will request that the Court solicits overbids. The Trustee further requests that overbids, if any, be submitted in minimum increments of $200.00 from qualified bidders who much contact the Trustee at least twenty-four hours prior to this hearing. Any successful over bidder must remit the full amount of the cash selling price to the Trustee within twenty-four hours after the Court hearing is concluded.

WHEREFORE, the undersigned Trustee respectfully requests that this Court: A.) Approve the sale of the aforementioned Incorporated Business to the Debtors in the manner stated herein, B.) Provide authority for the Trustee to execute all documents necessary to complete the contemplated sale; C.) Provide authority for the Trustee to either pay or credit the exempted amount of $12,604 directly to the Debtors from the sale of proceeds of the subject property if sold to a third party; and, D.) Provide for such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: November 16, 2010

/s/ Susan M. Didriksen
Susan M. Didriksen, Chapter 7 Trustee